Good afternoon, Illinois Appellate Court, 1st District Court is now in session. The 5th Division, the Honorable Justice Mathias DeLorde presiding, case number 1-9-0-4-9-4, People v. James Lewis. Good afternoon, everyone. Welcome to the Illinois Appellate Court, 5th Division. We're going to ask the lawyers who are going to argue this case to please introduce themselves and tell us whom you represent, beginning with the defendant, please. Good afternoon, Your Honors. This is Michael Weaver on behalf of the defendant, Mr. James Lewis. And for the state? Good afternoon, Your Honor, Assistant State's Attorney Celeste Kinney on behalf of the people of the state of Illinois. Thank you, Counsel. We're going to go 10 minutes per side for the argument. The defendant will have a few extra minutes for a rebuttal. This is not a complicated case, and please remember we have read the briefs and are familiar with the facts. Mr. Weaver, you may begin when you're ready. Thank you, Your Honor. Your Honor, if it may please the court, this appeal is about intent, and specifically if Mr. Lewis had the intent to commit a theft prior to entering the garage, the open garage. In the trial court, the state did not provide any evidence of intent. In the appeals, they've raised two justifications, one factual and one legal. The factual justification is a claim that because the neighbor saw Mr. Lewis's car in the alley, it's, quote, reasonable to infer the defendant was driving his car and viewed a wide-open two-and-a-half car attached to the garage. First, that theory has been waived by the state. As I mentioned down below, they didn't produce any evidence of intent. Instead, in closing arguments, the prosecutor said that the intent was obvious because Mr. Lewis took those items out of the garage. That's a theft. He stole those items from Mr. Gomez. As we know, that's not a correct statement of the law of what it takes to prove burglary or intent for burglary. And actual... I'm sorry, Your Honor. Can't intent be proved through circumstantial evidence, such as the time, place, and manner in which the items were taken away? Very much so, Your Honor. In the time, place, and manner here, it's 8 in the morning in an open garage. And I think what I don't want the court to lose is this was an open garage. Mr. Lewis didn't have to do anything to enter the garage. And so that's the surrounding circumstance. And I don't think the actual occurrence of theft is not a substitute for the intent prior to entry. So that's a factual issue. The other one is, it's also a complete conjecture. If the court considers it and doesn't consider it waived, it's conjecture in the sense that it's basically an assumption that the defendant saw an opportunity of an open garage door on an early morning, got out of his car, and chose to take advantage of the opportunity. There's no factual basis for that. The only evidence is that the neighbor saw Mr. Lewis's car and Mr. Lewis in the alley. There's no evidence of why Mr. Lewis stopped in the alley or what his intent was when he walked in the garage. What would be his reason for being in a complete stranger's garage then? We have to address that, don't we? Curiosity. It doesn't mean that you're going to steal something. He could have seen a bright, shiny object that he wanted to look at more. He might have had to relieve himself and wanted to do it in the garage as it's charged on two other occasions that he relieved himself on the garage. There's a number of reasons why somebody might walk into an open space. Again, it was unlawful and we don't dispute that. The issue is that the unlawful entry doesn't equal intent. Intent is a separate element that the state has to prove that he had prior to entering the garage. What about the fact that he was confronted by a neighbor and still continued to, his course of conduct, can we consider that or is that post-criminal offense? I would say that's post because, again, the dispute is not whether he committed a theft. There was really no argument down below. There's an issue of whether he can put a seven-foot ladder in a mid-sized Buick, but besides that, the issue really is what was an intent going into the garage. The fact that he committed the theft and tried to cover up the theft by lying, saying that he lived there, goes more to the charge of a theft as opposed to burglary. As your honors know, burglary doesn't require a successful theft. It requires unlawful entry and the intent prior to entry. The other issue is the legal justification that the state presents in its response. That's the statement that unlawful entry into a building containing personal property that could be subject to larceny gives rise to an inference of intent sufficient to sustain a burglary conviction. The problem with that argument is the state dropped the key verb, breaking. As we discussed in our reply brief, the Supreme Court decision in 1963 in Johnson said that proof of unlawful breaking and entering allows the inference, not simple entering. And as we discussed in the reply brief, and I know you're familiar with it, so I won't belabor the point, but the Supreme Court could have said the inference is unlawful entry. They made it very clear that it's breaking an entry, which would give rise to the inference. And so the issue here is that the state can't rely on the Johnson inference to say that Mr. Lewis had the intent. I mean, quite honestly, taken to the logical extreme, somebody could charge the neighbor with burglary. He unlawfully entered the garage and there was personal property that could have been stolen as he walked through to tell Mrs. Gomez about the robbery. So he could have been charged with burglary. Now, the response is, oh, well, he was just simply going to tell the neighbor about that. But the only way that evidence would come out is at trial. The neighbor would have to waive his Fifth Amendment right and testify as to what his intent was. And so he shouldn't be put in a catch 22 under this sort of broad sweeping claim of what somebody's intent can be. So and I think that's why breaking is key. And as we talked about, that's why all the cases trace back that the state cited back to Johnson in 1963. So with no breaking, Mr. Lewis simply walked into the open garage and Johnson has no application here. And without the Johnson inference, the state has not established intent, either in the factual record or from inferences that can be taken unless the court has any other questions. As the court said, this is a pretty straightforward issue. So I'm happy to answer any other questions. Any questions from the panel? No. All right. Thank you, Mr. Weaver. Miss Kinney. Thank you, Your Honor. May it please the court. Defendant wasn't just present in a garage. He was caught in the act, taking items that did not belong to him from Arturo Gomez's garage. And the fact that he took these items proved he committed a burglary. Circumstantial evidence to prove defendant's intent was his conduct of lying at the scene when he was caught, removing items and using his car to transport the items from the scene. Inferences based on defendant's conduct are grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless and the absence of other proof indicates theft as the most likely purpose. There was only one reason to enter that garage, and that was to commit a theft. Nothing in the record suggested that defendant had a legitimate purpose to be at the residence or inside the garage. On October 3rd, 2017, defendant parked his car and entered the garage without permission. He took three items and used his car to drive away with them from the scene. Before he was able to get away undetected, a neighbor caught him in the act. He decided to engage him in conversations to make sure something was wrong. When he asked if he lived there, he said yes. Defendant's statement is consciousness of his guilt. Circumstantial evidence to prove defendant's intent based on the surrounding circumstances shows that defendant entered the garage at a time when most people are not home and they're on their way to work, like Arturo Gomez. The facts of the case did not show a retail theft like the cases defendant cited in his brief. Defendant did not enter a restaurant, a grocery store, or any other public place where he would have permission to enter. He entered someone's residential garage after driving by in the alley and noticing the garage door was wide open. The victim testified that he kept several items in his garage, including tools, boxes, and equipment. As soon as he got home after receiving a call from his wife, he immediately noticed that his ladder was missing. Defendant entered without permission, and once he was in the garage, he took items, including the ladder. Defendant's actions confirm the assumption that the most likely reason he entered was to commit a theft. Defendant in his brief focuses on the fact that he wasn't seen in the garage, but he was seen just outside the garage, and his car was already noticed because it was unfamiliar. Defendant isn't required to take something to be convicted of burglary, and as defendant points out, theft is separate from burglary, but the fact that he did take something is relevant. The court can consider that as a factor in determining defendant's intent. At trial, contradictory circumstances weren't presented to rebut the inference that defendant's unlawful entry was not purposeless and theft was the most likely reason. He saw the opportunity to take someone else's property before he entered and not after, like a store. He had no reason to enter the garage. He had a fully functional car. He was able to drive away from the scene. He didn't go into the garage to take shelter. He wasn't, um, he wasn't in there. If I could interrupt a moment, do you want to address the argument raised in the reply brief and then hear today an oral argument that the Johnson inference is not applicable to this case? Yes, Your Honor. In the Johnson case, the reason why the inference was created is the persons that entered the tavern, they didn't have a lawful right to be there, but they didn't take anything. The couple was, uh, they were, their dog woke them up and they broke a window to get in and the police responded. And other than the window, there was no damage. There was nothing taken. So they had to determine if they entered with the intent to commit theft. So that's where the inference was created. As counsel notes in his reply brief, the court only quoted part of the burglary statute at the time about forcibly breaking and entering. That was relevant to the facts because they broke the window and the actual inference, it doesn't say forcibly. And as to breaking and entering, you don't need to break something such as a door or window to enter. In People v. Butem, which defendant cites in his opening brief, this court considered an unlawful entry and cited People v. Spray, where this court found that reaching into the open bed of a pickup truck is enough for breaking and entering. It's breaking the plane that encloses a protected space. And that's what defendant did here as soon as he set foot inside that garage. Thank you. Ms. King, you know, does the does the nature of the goods taken matter? What if what if he was just found in the alley, like a like a rag you use to clean your car, but no ladder, no nothing else. But it was clearly something taken from the garage. The people would contend that actually what was taken doesn't matter because a defendant doesn't need to take an item to commit a burglary. It's entering with that intent to commit a theft. And the neighbor testified that the door was open and he kept boxes, tools, equipment, and he had a seven foot tall ladder that he immediately noticed was missing. So the fact that he chose to take these certain items as opposed to something else doesn't matter. And the people would also point out that he was caught in the act when he was doing this. So there's no evidence that these are the only items he was going to take. The people would just end and say that based on the factors and the circumstantial evidence, the people prove that defendant entered with the intent to commit a theft before and all of the reasonable inferences in the light most favorable to the people prove defendant committed a burglary. The people are happy to answer any additional questions. And for the reason stated today, and in our brief, we would ask this court to affirm defendant's conviction and sentence. Thank you, Miss Kenny. Any other questions from the panel? Hearing none, Mr. Weaver, you have three minutes for rebuttal. Thank you, your honors. A few things. One is burglary is two elements, unlawful entry and theft. And what the state continues to try to do is merge the two elements together. We agree it was an unlawful entry, but that doesn't prove intent. And I understand that the Johnson case in 2019 was involved a store. But again, that said, they said, quote, the mere fact that a person commits a theft after entering a store will not establish that he intended to commit a theft upon entry. But you still have to prove intent. And so unlawful entry is a different element. For example, in too late in 1984, they said breaking and entering cannot be used to infer intent to commit any other felony besides a theft. So again, the state is trying to collapse two elements into one. The state also argued that the most likely reason that Mr. Lewis entered the garage was theft. That doesn't sound beyond a reasonable doubt. That's a preponderance of the evidence standard. The state has to prove beyond a reasonable doubt that the intent prior to entering the garage was to steal, was to commit a theft. And they haven't done this yet. And then finally, with the Johnson in 1963, I know we have a lot of Johnson cases here, but the Johnson case in 1963, that was completely from the statute. Why they use the ellipse is they were only talking about the forcible entry. They weren't talking about without force when you have an open car garage. Johnson in 63 could have easily said what the state says here. Unlawful entry provides the inference of intent. They limit it to breaking and entry. That follows the common law and the statute for a burglary at the time because it had two different levels. And if you actually look at the cases that both sides state, normally there is some type of breaking, a cut window, a removed board, or some type of inference. Here, none of that exists. And that's why the state failed to prove the intent. As the state started their argument, they made a good case for theft. He lied, he took the stuff and he ran away. That's theft. That's not burglary. And with that, your honors, if you have no other questions, I rest on the remaining of our briefs. Thank you, Mr. Weaver. Any other questions from the panel? Nothing. Hearing none. Justice Hoffman? Nothing. Thank you. The matter will be taken under advisement and you'll hear from us. And I'll direct the court staff at this time to remove the attorneys from the Zoom chaperone.